## Case No. 16,509.

UNITED STATES v. THREE HUNDRED BARRELS OF ALCOHOL.

[1 Ben. 72;[1] 8 Int. Rev. Rec. 105.]

District Court, E. D. New York. July, 1866.

MARSHAL'S COSTS — KEEPER'S FEES — PREMIUM OF INSURANCE — CARTAGE AND STORAGE.

1. Where alcohol was seized in an unlocked shed by an internal revenue collector, and on a libel being filed, was seized by the marshal, and after a delay of many months was bonded by consent of all parties, the claimant consenting to pay the fees and expenses of the marshal, and the clerk taxed $2.50 a day for keeper's fees from the date of the seizure, and an item for cartage and storage, and another for premiums of insurance paid by the marshal on a monthly policy which valued the alcohol at its market value, tax paid; and an appeal was taken from the clerk's taxation of these items— held, that the sum actually paid a keeper to watch property in custody, not exceeding $2.50 a day, may be taxed upon satisfactory proof (1) that a prudent precaution in regard to all concerned in the property justified the marshal in placing a keeper over it, and (2) that the keeper actually continued in charge of it for the time specified, and that the sum charged has been actually paid by the marshal.

[Cited in Re Lowenstein, Case No. 8,572.]

2. On the facts the items for cartage and storage were justified by the situation of the property, and the marshal's responsibility for the property seized by him was not affected by

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

the fact that a collector of another district claimed that the property had been in his possession under entry for deposit in a United States bonded warehouse.

3. The objection to the item of insurance, because the policy was monthly instead of yearly, cannot prevail, the claimant being shown to have been informed of the form of the policy.

4. The marshal would not have been justified in insuring this property as if it were in bond. He could only treat it as property belonging to the United States, and insure it at its full value.

5. Under the consent to pay the marshal's expenses, it could not be claimed that this part of his expenses should be stricken out as chargeable to the United States alone.

This case came up upon an appeal from the clerk's taxation of the marshal's fees. [See Case No. 16,510.] The information in the case was filed in October, 1865, and averred that the property proceeded against had been seized by Collector Wood, of the Second district, as forfeited to the United States for a violation of the internal revenue act. Process was thereupon issued to the marshal, directing him to attach the property. Accordingly the marshal seized the same, and retained it in his custody under the process. On the 14th of July, 1866, upon the written consent of the district attorney and the attorney for the claimants, an order was made for the appraisement of the property, and its delivery on bail upon payment of the fees and expenses of the marshal. Under this consent and order, the property was appraised, and the marshal's fees presented to the clerk, and by him taxed. Among other items, the clerk allowed an item of $2.50 for each day after the seizure of the property, besides an item for the cartage and storage of the property, and an item for premiums paid for its insurance while in custody. It was to the clerk's allowance of these items that objection was taken.

BENEDICT, District Judge. The objection to the item of $2.50 per day for keeper's fees paid is rested upon the question of fact, whether there had been a daily watching of the property by the marshal or persons in his employ. Upon this issue the weight of evidence is clearly against the claimants. The affidavit of the keeper is positive, and the statement made by the proprietor of the warehouse does not amount to a contradiction of the keeper. The ground upon which the objection to this item rested fails to sustain it.

I notice, however, that an explicit statement that the amount charged for the keeper has been actually paid is wanting. The sum actually paid a keeper to watch property in custody, not exceeding $2.50 a day, may be taxed by the clerk upon satisfactory proof that a prudent precaution in regard to all concerned in the property justified the marshal in placing a keeper over it; that the keeper actually continued in charge of it for the time

specified; that the sum charged therefor is reasonable for the service, and has been actually paid by the marshal. The Trial [Case No. 14,170]. The proof in this case is not sufficiently full in all these particulars. Before the item can be allowed, there must be proof of the necessity of a keeper daily, and that he has been paid. This proof may be given before the clerk.

The objection to the charges for the expense incurred in the removal and storage of the property cannot prevail. It appears by the affidavits of the claimants, as well as by the information, that the property was first seized by Collector Wood, of the Second district, and that when found by the marshal, after the commencement of proceedings to enforce the forfeiture, as is stated by the deputy and not denied, it was in an unlocked shed or outhouse upon a wharf. No objection to the marshal's taking custody of the property was ever made by Collector Wood, and he must be deemed to have assented to it under the option given him by the act as it then stood. The responsibility of the marshal for the safe keeping of property coming into his possession under such circumstances is in no wise affected by the fact that at a period subsequent to its seizure by him, Collector Bowen, of the Third district, claimed that the property had been at all times in his possession under entry for deposit in a United States bonded warehouse. If constructively in his possession, it appears actually to have been seized by Collector Wood, and to have been found in an exposed position upon a wharf, and not in charge of any person who claimed to represent Collector Bowen, or claimed that it was in his custody under bond.

Considering the character of this property, and its position when so found, I am satisfied that removal to a proper storehouse after its seizure was a proper act on the part of the marshal, required of him in the line of his duty, and that the reasonable and necessary expense of such removal and storage, actually paid by him, should be allowed. As no objection is here made to this item upon the ground that the amount is excessive, the clerk's allowance is confirmed.

To the item of premiums paid for insurance, the principal objection is that the insurance was effected by a monthly instead of a yearly policy, whereby the rate of insurance was greatly and unnecessarily increased. But I see nothing in the case tending to lead the marshal to believe that the property would remain in his custody for any considerable period of time, or to charge him with negligence or extravagance in taking out or continuing a monthly policy. It is nowhere made to appear that the marshal was ever requested to insure the property for any long period, or that objection was ever made to the form of the policy, although the attention of the claimants was frequently called to the fact that the insurance was expiring, and that de-

lay was increasing the amount of the premiums. It seems to me too late now, after such acquiescence, and after the premiums have been actually paid by the marshal in good faith, and without suspicion of fraud or connivance, to raise the objection, and ask that the item be stricken out of his bill because a policy was not taken out for a year.

A further objection is raised to this item, that the property has been insured at its market value, as alcohol saleable in the market on the assumption that the tax on it has been paid, whereas, in fact, the tax on it has never been paid, but only secured by the bond of the owner taken by the collector, and that its value as alcohol in bond is much less than as free alcohol, and it should have been insured as such. I am unable to see the force of this objection. If bound to insure at all, the duty of the marshal was to insure the property at its value as it stood in his hands, and for the benefit of whom it might concern. It is not perceived that any difference exists between the condition of goods seized for non-payment of tax and goods seized for non-payment of duties on imports, and in the numerous cases of the latter class which have arisen in this port, I have never known of its being claimed that the goods after seizure by the marshal should be treated as goods in bond. Furthermore, it is not made to appear that the marshal was, until a very late day, notified that the alcohol was ever in bond, and certainly he was not bound to assume it to be so. He could only treat it as property wholly belonging to the United States as forfeited for the violation of law, and insure it at its market value. Besides, in this case it appears that a written consent, signed by the attorney of the claimants, has been filed, in which it is stipulated that the marshal's fees and expenses are to be paid by the claimant before discharge of the property. Upon taxation of the marshal's fees and expenses in this cause, under that consent, I do not think that it can be fairly contended that part of his expenses should be stricken out as chargeable to the United States alone. The item of premiums of insurance must therefore be allowed.

In dismissing this case, I feel bound to express my surprise that this property has been allowed to remain in custody for so long a period of time. If any reason existed why the cause should not have been tried, as it might have been long ago, I conceive of no good reason why the property has not been sold or bonded. The same action now being taken by the claimant could, for aught that appears, have been taken immediately after the seizure of the property, in which case the items of expense now complained of would have been insignificant, and the hardship of the case avoided.